[Civ. No. 15616.   Second Dist., Div. Two.   Mar. 4, 1947.]

MINNIE BELL, Respondent, v. KELLY BELL, Appellant.

William Ellis Lady for Appellant.

Curtis C. Taylor for Respondent.

McCOMB, J.—From an order denying defendants' motion to set aside his default and permit him to file an answer and a cross-complaint to plaintiff's complaint for divorce, defendant Bell appeals.

These are the undisputed facts:

On or about October 17, 1945, plaintiff commenced an action for divorce against defendant. Thereafter defendant was served with the complaint and summons issued thereon, and on October 19, 1945, an order to show cause was issued directing defendant to appear on October 25, 1945, and show cause why he should not pay a reasonable sum for attorney's fees and court costs. This order was served on defendant and thereafter regularly continued until November 2, 1945, when an appropriate order was made. After the commence-

ment of the action plaintiff took possession of an automobile owned by defendant, whereupon defendant wrote a letter to Judge Baird concerning the matter. Judge Baird advised him to employ a lawyer, whereupon defendant went to the public defender of the city of Los Angeles, who advised him that his office could not appear in the cause. On December 10, 1945, defendant went to see Attorney Earl C. Broady and engaged him to represent him in the defense of his action. However, on November 30, 1945, defendant's default had been entered and on January 8, 1946, the case was set for trial and an interlocutory decree of divorce was granted on January 23, 1946.

On April 22, 1946, defendant's motion to set aside his default was denied.

■ This is the sole question necessary for us to determine: *Did the trial court abuse its discretion in denying defendant's motion under section 473 of the Code of Civil Procedure to set aside the default which had been entered against him?*

This question must be answered in the negative. A default may be set aside under the provisions of section 473 of the Code of Civil Procedure where it is shown that a default has been entered due to the (1) mistake, (2) inadvertence, (3) surprise, or (4) excusable neglect of defendant. In the instant case there is no showing bringing the present motion within any of the grounds mentioned in said section. It was more than a month after service of summons and complaint upon defendant before plaintiff sought the entry of defendant's default. It was more than another month thereafter before the case was set for trial and some two weeks later the interlocutory decree of divorce was granted. Defendant has failed to show any excuse for not having sooner employed an attorney and taken appropriate steps either to prevent the entry of his default or to have his default set aside.

This case falls clearly within the rules set forth in *Elms* v. *Elms,* 72 Cal.App.2d 508, 513 [164 P.2d 936].

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 1, 1947.